UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GEORGE A. NELSON,

        Petitioner,

vs.                                    Case No. 3:08-cv-1168-J-12TEM

WALTER A. MCNEIL, et al.,

        Respondents.

## ORDER OF DISMISSAL WITH PREJUDICE

### I. Status

Petitioner initiated this action by filing a Petition (Doc. #1) (hereinafter Petition) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 27, 2008.[1] Petitioner also filed a Memorandum of Facts and Law in Support of Petition for Writ of Habeas Corpus (Doc. #2). He challenges his May 12, 2003, state court conviction for possession of firearm by convicted felon on three grounds: (1) the circuit court erred in denying his petition

---

[1] The Petition was filed in this Court on December 4, 2008; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner signed his Petition and handed it to prison authorities for mailing to this Court (November 27, 2008). See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate *pro se* state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

for writ of habeas corpus; (2) ineffective assistance of trial counsel; and (3) the First District Court of Appeal erred in failing to vacate the circuit court's order denying his petition for writ of habeas corpus.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA), there is a one-year period of limitation:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other

> collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Petitioner has not complied with the one-year period of limitation as set forth in this subsection. See Respondents' September 23, 2009, Response Moving to Dismiss Untimely Petition for Writ of Habeas Corpus (Doc. #20) (hereinafter Response). In support of their contentions, they have submitted exhibits.[2] See Exhibits (Doc. #21).

Petitioner was given admonitions and a time frame to respond to the request to dismiss the Petition contained within the Response. See Court's Order (Doc. #8), filed February 5, 2009. Petitioner's Original and Additional Documents to Dismiss the Respondents' Motion Requesting the Court to Dismiss Petitioner's Habeas Corpus, and Incorporated Motion (Doc. #24), Motion for Summary Judgment to Grant Habeas Corpus and Dismiss the Respondents' Request to Dismiss Untimely Petition for Writ of Habeas Corpus (Doc. #25) (hereinafter Motion for Summary Judgment) and Affidavit in Support of Motion for Summary Judgment (Doc. #26) were filed on November 4, 2009. Ruling on the Motion for Summary Judgment (Doc. #25) was deferred. See Order (Doc. #27).

---

[2] The Court will hereinafter refer to Respondents' exhibits as "Ex."

## II. Timeliness

Petitioner's conviction was affirmed on direct appeal on May 26, 2004. Ex. G. Rehearing was denied on July 15, 2004. Ex. H. Thus, Petitioner's conviction became final on October 13, 2004, when the time for filing a petition for writ of certiorari with the United States Supreme Court expired. See Supreme Court Rule 13.3 (providing that the ninety-day period for filing a petition for writ of certiorari runs from the date of the denial of a motion for rehearing). Accordingly, the one-year federal limitation period began to run on October 14, 2004. The one-year period expired on Friday, October 14, 2005.

Petitioner did not file any applications for post-conviction relief in state court during the one-year limitations period. Thus, any state court post-conviction motions filed thereafter did not toll the federal one-year limitations period because it had already expired on October 14, 2005. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam), cert. denied, 531 U.S. 991 (2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that

period because there is no period remaining to be tolled."). Thus, this action was not timely filed.[3]

### III. Equitable Tolling

The United States Supreme Court has established a two-prong test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.") (citation omitted). The burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted).

---

[3] See Tinker v. Moore, 255 F.3d 1331, 1334-35 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must actually have a properly filed state court petition or motion pending within the one-year period in order to toll the limitations period), cert. denied, 534 U.S. 1144 (2002).

Petitioner, after the two-year limitations period expired to file a Rule 3.850 motion for post-conviction relief, filed a petition for writ of habeas corpus seeking to file a belated motion for post-conviction relief.[4] Ex. I at 1-42. This was not a collateral attack on Petitioner's conviction; therefore, it is not a tolling event. See Brown v. Sec'y for Dept. of Corr., 530 F.3d 1335 (11th Cir. 2008) (a Rule 3.853 discovery motion does not toll). An evidentiary hearing was conducted on the petition for writ of habeas corpus. Ex. I at 109-86. Both Petitioner and his trial counsel were witnesses at the hearing.

The circuit court, relying on both the documentary evidence and the testimony, denied the petition. The court made the following findings:

> On May 14, 2004, Defendant hired George W. Blow III to represent him in the direct appeal; or, in lieu of there being no appealable issues, to file a 3.850 motion. The parties agreed to a flat fee of $3500 to file the 3.850 motion. (See Exhibit A attached)[.] Defendant appealed his conviction with the Public Defenders Office for the Second Judicial Circuit serving as appellate counsel. Upon learning of the affirmance of the conviction, Mr. Blow wrote

---

[4] Rule 3.850(b)(3), Fla. R. Crim. P., allows a criminal defendant to seek permission to file a belated motion for post-conviction relief beyond the two-year filing period when the defendant has retained counsel to file a Rule 3.850 motion, and counsel, through neglect, fails to file the motion in a timely fashion. See Johnson v. State, 7 So.3d 643 (Fla. 3rd DCA 2009) (per curiam). This request must be presented in a petition for writ of habeas corpus. Steele v. Kehoe, 747 So.2d 931, 934 (Fla. 1999).

to the Defendant to confirm he was to begin work on the Rule 3.850 motion. (See Exhibit B attached). The Defendant responded to Mr. Blow's letter on June 23, 2004; in this response **Defendant stated he intended to file a pro se Rule 3.850 motion** and requested his $3500 retainer be returned. (See Exhibit C attached). Mr. Blow acknowledged that Defendant would be filing a pro se Rule 3.850 motion; however he also scheduled a telephone conference to discuss the wisdom of filing a pro se motion. (See Exhibit D and E attached). Mr. Blow and the Defendant spoke over the phone on August 3, 2004. During that conversation, the Defendant indicated that he was proceeding on the 3.580 motion on his own and proceeded to discuss the issue that would be included in the motion with Mr. Blow.

The parties had a second meeting sometime in May 2005, when Mr. Blow actually visited the Defendant at the correctional facility. At this meeting the[y] discussed what should be included in the Defendant's 3.850 motion. During the evidentiary hearing Mr. Blow stated he told the Defendant that his best option was to pursue a claim of ineffective assistance of counsel; however the Defendant insisted on pursuing a claim that the trial court impermissibly deviated from the sentencing guideline. At the conclusion of this meeting, Mr. Blow left with the understanding that the Defendant was filing a pro se motion for post-conviction relief.

Mr. Blow did not immediately return the documents previously sent to him by the Defendant because he was under the impression that the Defendant kept copies for himself as most inmates do. Further, Mr. Blow did not immediately refund the retainer because it is not uncommon in criminal defense practice for a convicted person to leave sizeable sums in their attorney's trust accounts rather than have the money transferred into their Department of Corrections['] account, where it is subject to civil fines. This effectively explains why Mr. Blow waited for a specific

request by the Defendant before refunding the retainer.

There was no communications [sic] between the parties until Defendant wrote a letter to Mr. Blow on January 17, 2006, in which he reminded Mr. Blow of the two-year time limit but did not specifically request Mr. Blow to file the 3.850 motion. (See Exhibit G attached). While the letter was supposedly sent in January 2006, Mr. Blow testified that the first time he saw this particular letter was when it was included in a complaint to the Florida Bar after the expiration of the filing deadline.

Again there was a large gap in communication between the Defendant and Mr. Blow, until June 12, 2006, amazingly one day after the filing deadline. (See Exhibit H attached). This again shows that the Defendant knew of the deadline. On this date Defendant wrote to Mr. Blow stating Mr. Blow failed to file a timely motion and requested a refund of the retainer, which Mr. Blow timely provided. (See Exhibits I and J attached).

Following the last documented activity the Defendant filed a complaint against Mr. Blow with the Florida Bar Association. Mr. Blow testified that at the conclusion of the complaint review process the Bar agreed with Mr. Blow that the Defendant had sufficiently indicated that he was responsible for filing a pro se 3.850 motion and no sanctions were levied against Mr. Blow.

Ex. I at 63-65.

The court concluded:

Based on the totality of the testimony, the Defendant's petition, appendixes and the exhibits, this Court finds as a matter of fact, that the parties entered into an agreement for Mr. Blow to file the 3.850 motion but that agreement was rescinded in May 2005, a full year before the expiration of the

8

> filing deadline, when the Defendant insisted on pursuing causes which Mr. Blow felt were potential [sic] frivolous. Additionally, on credibility issues in conflict, the testimony of Mr. Blow is more credible than the testimony of the defendant Mr. Nelson.

Id. at 65 (paragraph enumeration omitted).

Petitioner appealed this decision, Ex. I at 101, Ex. J, the state answered, Ex. K, and Petitioner replied. Ex. L. On December 6, 2007, the First District Court of appeal affirmed per curiam. Ex. M. The mandate issued on January 2, 2008. Ex. N.

Petitioner does not assert that he hired an attorney to file a federal petition for writ of habeas corpus. Petitioner hired Mr. Blow to file a Rule 3.850 motion, but Petitioner rescinded the agreement, deciding to file a *pro se* Rule 3.850 motion. The factual findings of the state court are entitled to a presumption of correctness in this proceeding. 28 U.S.C. § 2254(e)(1). Petitioner has not rebutted this presumption of correctness by clear and convincing evidence.

Petitioner was given the opportunity to address why the dictates of the one-year limitations period should not be imposed upon him. Petitioner claims he diligently pursued his rights, and some extraordinary circumstances stood in his way and prevented his timely filing. Motion for Summary Judgment at 10.

The burden is on Petitioner to make a showing of extraordinary circumstances. Upon review, Petitioner has not established due diligence on his part. Petitioner informed his attorney that he

9

was going to proceed *pro se* on his Rule 3.850 motion. Petitioner could have filed a Rule 3.850 motion in a timely fashion. There were no extraordinary circumstances preventing him from filing a Rule 3.850 motion. Indeed, there were no circumstances preventing Petitioner from timely filing a federal habeas petition.

Petitioner is not entitled to equitable tolling of the limitations period. The circumstances were not beyond Petitioner's control.[5] Petitioner has not overcome the high hurdle of showing extraordinary circumstances, and he has failed to present a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. See Response at 7-8.

### IV. Actual Innocence

To make a showing of actual innocence, Petitioner must show "that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995). In assessing the adequacy of a petitioner's showing, the Court stated:

> The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty. It is not the district court's independent judgment as to whether reasonable doubt exists

---

[5] The courts have consistently found that the lack of possession of the trial transcript and record is not sufficiently extraordinary to justify application of equitable tolling. See Smith v. Deloach, No. 2:05-CV-935-MHT, 2007 WL 4219152, at *3 (M.D. Ala. Nov. 28, 2007) (not reported in F.Supp.2d).

10

> that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

Id. at 329; see also Sibley v. Culliver, 377 F.3d 1196, 1205 (11th Cir. 2004) (stating that "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence") (citations omitted).

This Court finds that Petitioner has not made a showing of actual innocence. He has not offered any new reliable evidence that was not available at the time of trial. See Melson v. Allen, 548 F.3d 993, 1002 (11th Cir. 2008) (stating that petitioner, to make a sufficient showing of actual innocence, is required to produce new reliable evidence that was not presented at trial) (citations and quotations omitted), cert. denied, 130 S.Ct. 254 (2009). Petitioner has not produced exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial. Indeed, he has failed to demonstrate that it is more likely than not that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt in light of new evidence.

The Court finds Petitioner's allegations of actual innocence to be insufficient. This is not an "extraordinary" case under the Schlup standard. House v. Bell, 547 U.S. 518, 538 (2006). Thus, Petitioner's application for a writ of habeas corpus is barred by the one-year statute of limitations.

## V. Conclusion

In sum, Petitioner has failed to present a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. Petitioner had ample time to exhaust state remedies and prepare and file a federal petition. Accordingly, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

## VI. Certificate of Appealability

If Petitioner appeals, the undersigned opines that a certificate of appealability is not warranted. See Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve

12

encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. If Petitioner appeals the denial of the Petition, **the Court denies a certificate of appealability.** Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

2. Petitioner's November 4, 2009, Motion for Summary Judgment (Doc. #25) is **DENIED**.

3. Respondents' September 23, 2009, Motion to Dismiss Untimely Petition for Writ of Habeas Corpus (Doc. #20) is **GRANTED**, and the case is **DISMISSED** with prejudice.

4. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

5. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 19TH day of May, 2010.

*Howell W. Melton*
UNITED STATES DISTRICT JUDGE


sa 5/19
c:
George A. Nelson
Special Counsel, Criminal Appeals (Hill)